**Deborah R. PETTY, Individually, and as next friend and legal guardian of Daniel C. Anderson, a minor plaintiff, and; Sharon P. Long and James M. Long, Individually, and as next friends and legal guardians of Justin Lamont Long, a minor plaintiff, and; Daniel C. Anderson, Plaintiffs,**

v.

**Kirt E. MULLINGS, Cpl., Prince George's County Police Department, and; Richard Roe, Unknown Officer of Prince George's County Police Department, and; Prince George's County, Maryland Defendants.**

No. AW–98–2358.

United States District Court, D. Maryland, Southern Division.

April 30, 1999.

---

William E. Seals, Washington, DC, for plaintiffs.

John A. Bielec, and William A. Snoddy, Associate County Attorneys, Prince George's County Attorney's Office, Upper Marlboro, MD, for defendants.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Once again, the Court is called upon to address the law regarding the removal of a case to federal court from a state court by a resident defendant. The Court writes to clarify this apparent misunderstood area of the law.

The above-entitled action [1] was initially filed in the Circuit Court for Prince George's County, Maryland, but was subsequently removed to this Court by Defendants. In the complaint, Plaintiffs seek monetary relief in excess of $75,000 for alleged violations of the Maryland constitution, and state common law claims of negligence, assault, battery, and intentional infliction of emotional distress. Plaintiffs have not brought any causes of action that "arise under" federal law or any claims that involve a federal question. See 28 U.S.C. § 1331. In Defendants' Notice of Removal, subject matter jurisdiction was purported to be based solely upon the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

At first blush, it may appear that removal was proper. Although diversity of citizenship exists between the Plaintiffs, who are residents of the District of Columbia and Virginia, and the Defendants, who are residents of Maryland, removal to this Court was improper because Defendants are residents of the state in which the original state action was filed. Section 1441(b) of the general removal statute provides that when a plaintiff initially files a civil action in state court over which the federal court would have original jurisdiction based solely on diversity of citizenship, the defendant or defendants may remove the action to federal court provided that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); see Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).[2]

Plaintiffs, as masters of their suit, have chosen to bring all of their claims under state law, and have selected the state court as their forum of choice. Furthermore, this Court has not reached any decisions

---

**1.** The complaint was initially filed in the name of Deborah R. Petty, as next friend of Daniel Anderson, who was a minor. Plaintiff Anderson, however, has now reached the age of majority, and as such has been named as a plaintiff in his individual capacity.

**2.** 28 U.S.C. § 1441 (emphasis added) reads, in pertinent part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

by way of summary judgment affecting the substance of Plaintiffs' claims. Thus, in considering the balance of the relative equities, along with the interest of the Plaintiffs in keeping their case in state court, the Court will remand this matter to the Circuit Court for Prince George's County. A separate Order consistent with this Opinion will follow.